FEB 20 2020 PM 1:08
FILED - USDC - BPT - CT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

IN RE:

APPLICATION OF ROBERT GORDON KIDD FOR AN ORDER UNDER 28 U.S.C. § 1782 TO TAKE DISCOVERY FROM JOHN THOMAS REYNOLDS AND MARK MCCALL

Case No. _____

## DECLARATION OF DAVID KERR

Pursuant to 28 U.S.C. § 1746, I, David Kerr, declare under penalty of perjury as follows:

1. I am a solicitor at Harper Macleod LLP based in Harper Macleod LLP's office in Glasgow. Harper Macleod LLP is one of Scotland's leading full-service law firms with over 170 lawyers and offices in six locations throughout Scotland.

2. I am certified by the Council of the Law Society of Scotland to practice law in Scotland as a solicitor, and as a member of the Law Society of Scotland. My particular interest and expertise is in commercial dispute resolution.

3. I submit this Declaration in support of the *Application of Robert Gordon Kidd for an Order under 28 U.S.C. § 1782 to Take Discovery from John Thomas Reynolds and Mark McCall* (the "Application").[1]

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Memorandum of Law in Support of the Application of Robert Gordon Kidd for an Order Under 28 U.S.C. § 1782 to Take Discovery from John Thomas Reynolds and Mark McCall.*

4.  I make this Declaration based on personal knowledge of the facts set forth herein and my review of relevant documents. If called as a witness, I would competently testify to the facts set forth herein.

5.  Harper Macleod LLP represents the Applicant, Robert Gordon Kidd, in connection with the Scottish Proceeding.

6.  On November 26 and 27, 2019, Mr. Kidd (through Harper Macleod LLP) served the Summons on the Defenders, thereby commencing the Scottish Proceeding.

7.  The Summons asserts claims for damages against the Lime Rock Company Defenders, the Lime Rock Individual Defenders, and the Ledingham Chalmers Defenders, jointly and severally, in the amount of $210 million, plus interests and costs. Mr. Kidd is entitled to seek the leave of the Court (which is very likely to be granted) to amend the amount of the claim upwards. Mr. Kidd asserts that he has suffered these losses as a result of the fraudulent conduct of the Defenders, which conduct took the form of (i) dishonest assistance in P&W's breach of fiduciary duty and (ii) unlawful means conspiracy.

8.  Prior to the Summons being served on the various Defenders, and in accordance with Scottish procedural requirements, Mr. Kidd served a letter outlining the basis for his claims against the Defenders. The Defenders have therefore been aware of the nature of the claims for some considerable time.

9.  The Ledingham Chalmers Defenders lodged their "defences" on January 28, 2020. The Lime Rock Company Defenders and the Lime Rock Individual Defenders lodged their "defences" on January 31, 2020. The Defenders admit certain allegations, contest others, and/or assert different facts in relation to the same events. Nothing appearing in the defences is materially different from the content of the replies to the letters before action.

10. The discovery sought pursuant to the Application is pertinent to critical factual issues in the Scottish Proceeding including, but not limited to: (1) the extent to which, and the points in time that, the Corporate Decision Makers, and their directors and officers, were directly or indirectly aware of Mr. Gordon's conduct and P&W's consequent undisclosed conflict; (2) the extent to which the Corporate Decision Makers, and their directors and officers, facilitated the Transaction despite their awareness of the conflict; (3) the extent to which the Corporate Decision Makers authorized completion of the Transaction while having knowledge of the conflict, and when; and (4) the official or unofficial control structures and chain of command between and among the Corporate Decision Makers, and their directors and officers, at the time of the Transaction.

11. I am not aware of any decision in the Scottish courts suggesting that documents or testimony obtained by this Application could not be used in the Scottish Proceeding.

12. Although there are procedures available in Scotland to obtain discovery of documents located in the USA, those procedures are cumbersome and expensive, particularly with respect to discovery from non-parties. Any such application would require the Scottish courts to endorse "Letters of Request" to the United States courts, seeking their assistance in the collection and disclosure of documents. The Scottish procedures for examining witnesses outside of Scotland are equally cumbersome and expensive, requiring similar requests for assistance.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in _GLASGOW, SCOTLAND_, on this _19th_ day of February 2020.

_David Kerr_