FEB 20 2020 PM 1:08
FILED - USDC - RPT - CT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

IN RE:

APPLICATION OF ROBERT GORDON KIDD FOR AN ORDER UNDER 28 U.S.C. § 1782 TO TAKE DISCOVERY FROM JOHN THOMAS REYNOLDS AND MARK MCCALL

Case No. _____

## DECLARATION OF REBECCA HUME

Pursuant to 28 U.S.C. § 1746, I, Rebecca Hume, declare under penalty of perjury as follows:

1. I am an attorney at the law firm of Kobre & Kim (Cayman) and licensed to practice law in the Cayman Islands.

2. I submit this Declaration in support of the *Application of Robert Gordon Kidd for an Order under 28 U.S.C. § 1782 to Take Discovery from John Thomas Reynolds and Mark McCall* (the "Application").[1]

3. I make this Declaration based on personal knowledge of the facts set forth herein and my review of relevant documents. If called as a witness, I would competently testify to the facts set forth herein.

4. Lime Rock Partners V, LP ("Lime Rock V") is a Cayman Islands exempted limited partnership formed and registered with the Registrar of Exempted Limited Partnerships. Under

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Memorandum of Law in Support of the Application of Robert Gordon Kidd for an Order Under 28 U.S.C. § 1782 to Take Discovery from John Thomas Reynolds and Mark McCall.*

Cayman Islands law, an exempted limited partnership's property and assets vest in its general partner, see Exempted Limited Partnerships Law (2018 Revision) ("ELP") Section 16(1), who is liable for the debts and obligations of the exempted limited partnership to the extent that the assets of the exempted limited partnership are inadequate, see ELP Section 4(2). The general partner also enters into all letters, contracts, deeds, and documents on behalf of the exempted limited partnership. See ELP Section 14(2). The limited partners are not obligated to take any part in the conduct of the business of the exempted limited partnership and are therefore not liable for its debts. See ELP Section 14(1). In the circumstances, an exempted limited partnership can only act by its general partner because the other partners are the limited partners who, as stated above, are not obligated take any part in the management of the exempted limited partnership. See id. Since the general partner of Lime Rock V is LRP GP V, LP, Lime Rock V acts by LRP GP V, LP.[2]

5.  LRP GP V, LP is also a Cayman Islands exempted limited partnership. For the reasons set out at paragraph 4 above, under Cayman law, because LRP GP V, LP is a Cayman Islands exempted limited partnership, it can only act by its general partner: LRP GP V, Inc. See id.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Camana Bay, Grand Cayman, on this 18th day of February 2020.

Rebecca Hume

---

[2] Consistent with applicable Cayman law, section 2.1 of Lime Rock V's Amended and Restated Limited Partnership Agreement, dated April 17, 2008, provides that, although the "General Partner" may delegate certain powers,

> "[T]he management and the conduct of the activities of [Lime Rock V] shall remain the sole responsibility of the General Partner and all decisions relating to the selection and disposition of [Lime Rock V's] investments shall be made exclusively by the General Partner in accordance with this Agreement."