P347/20                    Pet: Lime Rock Management Llp & Ors For Interdict
Gilson Gray LLP

24 April 2020                       Lord Doherty

This petition, lodged by Gilson Gray was accepted and registered on Friday 24 April 2020.

Chris Munn
Depute Clerk of Session

P347/20          Pet: Lime Rock Management Llp & Ors For Interdict
Gilson Gray LLP

**UNTO THE RIGHT HONOURABLE THE LORDS OF COUNCIL AND SESSION**

PETITION

of

**(FIRST) LIME ROCK MANAGEMENT LLP**, a limited liability partnership incorporated under the Limited Liability Partnerships Act 2002 (registration number SO300122) and having its registered office at Union Plaza 6th Floor, 1 Union Wynd, Aberdeen, AB10 1DQ; **(SECOND) LIME ROCK MANAGEMENT LP**, a limited partnership registered in Delaware, USA, according to the laws of that state (file number 2908252), and having a place of business at 274 Riverside Avenue, Suite 3 Westport, CT 06880 USA; and **(THIRD) LIME ROCK PARTNERS V, LP**, a Cayman-exempted limited partnership and having a place of business at Ugland House, South Church Street, George Town, PO Box 309GT, Cayman Islands

for

interdict and interdict *ad interim*

HUMBLY SHEWETH:-

1. That the first petitioner is Lime Rock Management LLP, a limited liability partnership incorporated under the Limited Liabilities Partnerships Act 2002 (registration number SO300122) with a place of business and registered office at Union Plaza 6th Floor, 1 Union Wynd, Aberdeen.  The second petitioner is Lime Rock Management LP, a limited partnership registered in Delaware, USA according to the laws of that State (file number 2908252) and having a place of business at 274 Riverside Avenue, Suite 3 Westport, CT 06880 USA.  The third petitioner is Lime Rock Partners V, LP.  It is a Cayman-exempted limited partnership with a place of business at Ugland House, South Church Street, George Town, PO Box 309GT, Cayman Islands.  The respondent is Robert Gordon Kidd, otherwise known as Bob Kidd.  He resides at 12 Myknion 4045, Kalogiri Germasogia, Limassol, Cyprus.  The respondent is presently the

pursuer in a commercial action in this court against *inter alios* the petitioners which has reference number CA163/19 (hereinafter, the "Commercial Action"). This petition relates to apprehended wrongful actings by the respondent relative to his conduct of the Commercial Action. This court accordingly has jurisdiction. To the knowledge of the petitioners, the parties have not entered into any agreement to prorogate the jurisdiction of any other court in respect of the subject matter of the present petition. To the knowledge of the petitioner, no proceedings are pending before any other court involving the present cause of action.

2. That the defenders in the Commercial Action, including the petitioners, have taken a plea to the competency of the action. At the preliminary hearing in the Commercial Action on 28 February 2020 the Commercial Judge allowed parties a diet of debate on 23 June 2020 and the two ensuing days. At that diet of debate the competency plea is to be debated. The debate was allowed on the joint motion of parties in the Commercial Action at the preliminary hearing. If the competency plea is sustained, the Commercial Action will (subject to any reclaiming motion and any appeal to the Supreme Court) be dismissed. Accordingly there may never need to be an inquiry into the merits of the Commercial Action. The petitioner did not, at the preliminary hearing, indicate that he sought recovery of any documents or other evidence from the petitioners.

3. That the respondent filed in the United States District Court for the District of Connecticut ("the US court") an *ex parte* application for an order pursuant to 28 USC § 1782 to conduct discovery for use in foreign proceedings against John Thomas Reynolds and Mark McCall, with civil action reference number 3:20mc16(TOF) (the "US proceedings"). A copy of the respondent's memorandum in support of his application is produced. Mr. Reynolds is an employee and limited partner of the second petitioner and has the title Managing Director of the second petitioner. Mr. McCall has served as chief financial officer of the second petitioner. He is currently an employee of the second petitioner and has the title Managing Director of the second petitioner. On 28 February 2020 the US court granted the *ex parte* application. A copy of the US court's ruling and order is produced (the "US court order").

4. That on or around 3 March 2020 the respondent, pursuant to the US court's ruling, served on Mr. Reynolds and on Mr. McCall subpoenas to testify at a deposition in a civil action on 29 April 2020 and 28 April 2020 respectively, and requests to produce documents. Copies of the subpoenas and requests to produce documents are produced.

5. That on or around 20 March 2020 Mr. Reynolds and Mr. McCall lodged a motion to quash the subpoenas and requests to produce documents in the US Court (the "motion to quash"). A copy of that motion is produced.

6. That on or around 10 April 2020 the respondent lodged in the US court a memorandum in opposition to the motion to quash. In that memorandum the respondent indicated that he is amenable to delaying the depositions of Mr. Reynolds and Mr. McCall in view of the current Covid-19 pandemic.

7. That the US court has not yet ruled on the motion to quash. The US court will be advised of the petitioners' intention to bring the present petition before this court.

8. That this court is the forum chosen by the respondent in which to litigate the claims which are the subject of the Commercial Action against *inter alios* the petitioners. There is no suggestion that any other court is the natural forum in which those claims should be litigated. In these circumstances the respondent's continued pursuit of the US proceedings, including the holding of depositions at which Mr. Reynolds and Mr. McCall are required to attend to give testimony and produce documents, is unconscionable. It is oppressive and unjust to the petitioners and interferes with the due process of this court. Through the US proceedings the respondent seeks to circumvent the procedures available in the commercial court for the recovery of evidence. None of the documents requested (if they exist) are owned or maintained by Mr. Reynolds or Mr. McCall in their individual capacities. The testimony sought from them will relate to the activities of Lime Rock entities as well as the corporate organisational structure of Lime Rock business. In reality therefore the US proceedings, if allowed to proceed, will primarily affect the

P347/20                     Pet: Lime Rock Management Llp & Ors For Interdict
Gilson Gray LLP

petitioners rather than Mr. Reynolds and Mr. McCall personally. If the respondent is allowed to proceed with the subpoenas he will in effect be allowed to be allowed to have a pre-trial cross examination of witnesses whom he can hardly expect to be helpful to his real cause. That would not be permitted under Scottish procedure and there can be no reciprocity. It would be unfair both to the witnesses and to the petitioners. Furthermore, in relation to documents, the nature and extent of the documentation sought to be recovered by the respondent is wider than would ordinarily be allowed by the commercial court on the basis of the respondents' pleadings in the Commercial Action. Very wide searches of the petitioners' records would be required, going back about 10 years. Mr. Reynolds and Mr. McCall and perhaps other employees will require to be diverted from their normal activities in order to deal with such searches. The third petitioner will ultimately require to bear the financial burden of the searches being carried out, and of Mr. Reynolds and Mr. McCall being diverted from their normal activities in order to deal with such searches and to appear at depositions in New York city, although they work in Westport, Connecticut approximately 50 miles away. Substantial legal costs will be incurred, and have already been incurred, on behalf of Mr. Reynolds and Mr. McCall in connection with the US proceedings. Those costs will ultimately be borne by the third petitioner. Separately, and in any event, the respondent seeks testimony and the production of documents in the US proceedings prematurely, having regard to the agreed procedure which is currently taking place in the Commercial Action including the diet of debate in June 2020. Unless and until proof or proof before answer is allowed in relation to the merits of the Commercial Action there is no need for the respondent take the testimony and recover the documents which he seeks. He would not be granted, in the Commercial Action at the present stage of proceedings, an order for recovery of the documents which he seeks through the US proceedings absent some compelling and specific reason. No such reason exists. There is no procedure in Scotland whereby a potential witness may be compelled to give testimony to one party in advance of proof being allowed, for the purposes of an action which is already in dependence before the court. It would be oppressive and unjust if the petitioner were to be

P347/20           Pet: Lime Rock Management Llp & Ors For Interdict
Gilson Gray LLP

allowed to take such testimony and recover such documents now, by virtue of the US proceedings.

9. That in contrast, if the respondent is restrained from continuing pursuit of the US proceedings, including the holding of depositions at which Mr. Reynolds and Mr. McCall are required to attend to give testimony and produce documents, it will result in no injustice to him. He will be able to avail himself of the usual procedures available in the commercial court for the recovery of evidence at the appropriate time.

10. That in these circumstances the petitioners are under necessity of seeking interdict and interdict *ad interim* to prevent the continuance of an unconscionable, oppressive and unjust course of action by the respondent.

11. That the balance of convenience favours the grant of interdict *ad interim*. Unless the respondent is restrained from his course of action in the United States the petitioners will continue to incur costs in relation thereto and will suffer irremediable injustice if the respondent is allowed to conduct the depositions which he seeks to conduct.

12. That the respondent has been called upon to desist from said course of action but refuses to do so. This petition is accordingly necessary.

MAY IT THEREFORE please your Lordships: to appoint this petition to be intimated on the Walls in common form, and to be served upon the parties named and designed in the schedule hereto in the manner therein specified, and to be intimated in any other manner as shall to the court seem proper, appointing any person claiming an interest herein to lodge answers, if so advised, within twenty-one days of such intimation, service and advertisement; and upon resuming consideration hereof, with or without answers, and after such enquiry, if any, as to your Lordships shall seem proper;

    (a)      to interdict the respondent, by himself or by his servants, agents, employees or anyone acting under his authority, direction, control or instruction from continuing or taking any other step in Civil Action No. 3:20mc16(TOF) in the United States Court for the District of

P347/20  Pet: Lime Rock Management Llp & Ors For Interdict
Gilson Gray LLP

    Connecticut, including, without limitation to the foregoing generality, holding any deposition for the purposes of taking the testimony and receiving documents from John Thomas Reynolds, 76 Olmstead Hill Road, Wilton, CT 06897 and/or Mark McCall, 22 Darbrook Road, Wesport, CT 06880; and for interdict *ad interim*; and

(b) to find the petitioners entitled to the expenses of and incidental to this application; and

(c) to decern; and

(d) to do further or otherwise in the premises as your Lordships shall deem proper;

P347/20  Pet: Lime Rock Management Llp & Ors For Interdict
Gilson Gray LLP

## SCHEDULE

Service in common form is sought upon:

1. Robert Gordon Kidd, 12 Myknion 4045, Kalogiri Germasogia, Limassol, Cyprus.

P347/20          Pet: Lime Rock Management Llp & Ors For Interdict
Gilson Gray LLP

**UNTO THE RIGHT HONOURABLE THE LORDS OF COUNCIL AND SESSION**

PETITION

of

**(FIRST) LIME ROCK MANAGEMENT LLP**, a limited liability partnership incorporated under the Limited Liability Partnerships Act 2002 (registration number SO300122) and having its registered office at Union Plaza 6th Floor, 1 Union Wynd, Aberdeen, AB10 1DQ; **(SECOND) LIME ROCK MANAGEMENT LP**, a limited partnership registered in Delaware, USA, according to the laws of that state (file number 2908252), and having a place of business at 274 Riverside Avenue, Suite 3 Westport, CT 06880 USA; and **(THIRD) LIME ROCK PARTNERS V, LP**, a Cayman-exempted limited partnership and having a place of business at Ugland House, South Church Street, George Town, PO Box 309GT, Cayman Islands

for

interdict and interdict *ad interim*

Gilson Gray LLP

160 West George Street, Glasgow

Ref: AG/LIM/6/1

<u>Agents for the Petitioners</u>